IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JESSE OLIVAR,

        Plaintiff,           No. CIV S-03-0891 GGH PS

      vs.

JOHN E. POTTER,

        Defendant.        <u>ORDER</u>

_____/

        Previously pending on this court's law and motion calendar for January 19, 2006, was plaintiff's request for appointment of counsel, filed October 18, 2005, defendant's request for status conference, filed October 31, 2005, and defendant's motion to strike the amended complaint, filed November 14, 2005.

I. <u>Motion to Strike</u>

        This action is proceeding on the amended complaint filed May 15, 2003. On October 31, 2005, plaintiff filed a document entitled, "amended complaint," which the court construes as a second amended complaint. Defendant's motion to strike is addressed to that complaint.

        Once an answer has been filed, a party may amend a pleading only by leave of court or by written consent of the adverse party. <u>See</u> Fed. R. Civ. P. 15(a). An answer was filed on July 25, 2003. Plaintiff has filed neither a motion to amend nor a stipulation to amend the

1

complaint signed by all parties.  Plaintiff's amended complaint will therefore be stricken without prejudice.  Plaintiff shall file a proposed third amended complaint accompanied by a motion to amend within fourteen days of the hearing.

II.  Request for Appointment of Counsel

Any successful application for appointment of counsel must comply with criteria set forth in Bradshaw v. Zoological Society of San Diego, 662 F.2d 1301 (9th Cir. 1981).  Before appointing counsel to plaintiff, the Ninth Circuit's decision in Bradshaw requires the court to consider (1) plaintiff's financial resources, (2) the efforts already made by plaintiff to secure counsel, and (3) plaintiff's likelihood of success on the merits.  Id. at 1318.  Appointment of counsel is not a matter of right.  See Ivey v. Board of Regents, 673 F. 2d 266 (9th Cir. 1982).

Because plaintiff is proceeding in forma pauperis, the first factor, which relates to his financial condition, is a fortiori resolved in his favor.  Nevertheless, plaintiff has given no indication of his efforts to secure counsel on his own, and the court cannot determine that plaintiff is likely to succeed on the merits.  Therefore, his request for appointment of counsel is denied.

Conclusion

Accordingly, IT IS ORDERED that:

1.  Plaintiff's request for the appointment of counsel is denied.

2.  Plaintiff's October 31, 2005 second amended complaint is stricken.

3.  Plaintiff shall file a proposed third amended complaint with a motion to amend, within fourteen days of the January 19, 2006 hearing.

DATED: 1/27/06                                         /s/ Gregory G. Hollows

                                                       _____

                                                       GREGORY G. HOLLOWS
                                                       U. S. MAGISTRATE JUDGE

GGH:076
olivar0891.mtn.wpd

2