IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JESSE OLIVAR,

        Plaintiff,        No. CIV S-03-0891 GGH PS

   vs.

JOHN E. POTTER,

        Defendant.       <u>ORDER</u>

_____/

        On January 27, 2006, plaintiff was directed to file a proposed third amended complaint and a motion to amend. On January 31, 2006, plaintiff filed a pleading entitled, "amended employment discrimination complaint," and on February 1, 2006 he filed a proposed third amended complaint with a motion to amend. Because the two amended complaints are not substantially different, the court will screen the most recently filed version.

I. <u>MOTION TO AMEND</u>

        Plaintiff's motion to amend was not served on defendant; however, defendant was served with the motion by the court.[1] No opposition was filed. The motion contains no reasons

---

[1] Plaintiff is advised that every document submitted to the court for consideration must be served on defendants. Fed. R. Civ. P. 5. Documents not to be served electronically are usually served by placing a copy in the U.S. mail. If an attorney has filed a document with the court on behalf of any defendant, then documents submitted by plaintiff must be served on that attorney and not on the defendant. Every document submitted conventionally to the court (e.g.,

1

1   for seeking to amend or why these claims were not included earlier, but merely contains

2   allegations akin to those found in a complaint without mentioning which allegations are new.

3   The proposed third amended complaint is too vague to put defendant on notice of the allegations

4   in that it does not describe any significant details of the violations, such as where they occurred

5   or dates involved.  For example, the complaint states:

> 7.  African American Supervisor/Collateral Duty Safety Officer told the plaintiff that he (plaintiff) was not going to last here (Post Office) long.  That was first day working for the supervisor.

Third Am. Compl. at 3.

Plaintiff does not once mention where the violations took place.  Although the proposed complaint mentions other allegations, the only specific date given is April, 1999.  In light of the previous filings indicating that plaintiff complained of discrimination in the working environment at the West Sacramento facility, and wrongful termination at the airport facility, the current version of the complaint is severely lacking in failing to mention either of these facilities or more specific dates, as well as the names of the individuals who allegedly engaged in the wrongful activity.  One of the justifications for allowing yet another amendment was that plaintiff wanted to add new claims regarding violations which occurred at another postal facility in addition to the original allegations which are alleged to have occurred at the West Sacramento facility.  Plaintiff was informed at the January 19, 2006 hearing that his proposed third amended complaint must set forth that all allegations with the representation that they are now exhausted, and must include all claims that plaintiff has against all postal facilities.  Plaintiff has not complied with these directives.

Furthermore, plaintiff appears to have made claims in the motion to amend, and has attached multiple exhibits to the proposed third amended complaint.  Plaintiff is informed

---

by a plaintiff proceeding pro se) must include a certificate stating the date an accurate copy of the document was mailed to defendants or their attorney and the address to which it was mailed.  <u>See</u> Local Rule 5-135(b) and (c).

that the court cannot refer to a prior pleading in order to make plaintiff's third amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. Additionally, exhibits will not be considered as all of the claims must be independently alleged in the complaint.

Because this case is now almost three years old and plaintiff has been given several opportunities to file an amended complaint without success, his motion to amend is denied, and he will be held to the first amended complaint filed May 15, 2003.[2]

## II. SCHEDULING ORDER

The original pretrial scheduling order in this case, filed April 2004, is amended only as follows. The remainder of that order is effective.

MOTION HEARING SCHEDULES

All dispositive motions shall be heard by August 3, 2006.

DISCOVERY

All discovery shall be completed by June 22, 2006. Motions to compel discovery must be heard not later than June 8, 2006.

EXPERT DISCLOSURE

All counsel (and/or pro se parties) are to designate in writing and file with the court, and serve upon all other parties, the names of all experts that they propose to tender at trial

---

[2] It should be pointed out that this case proceeded from May 15, 2003 until October 31, 2005, on the first amended complaint. On October 31, 2005, plaintiff filed a second amended complaint which included new additional claims pertaining to employment at the USPS airport facility, but it was stricken on January 27, 2006 because plaintiff had not filed a motion to amend. The first amended complaint pertains only to allegations which allegedly occurred at the USPS West Sacramento facility.

3

not later than May 4, 2006.

FINAL PRETRIAL CONFERENCE

       The Final Pretrial Conference is set for September 21, 2006, at 10:30 a.m.

TRIAL SETTING

       Jury trial is set for October 30, 2006 at 9:00 a.m.

CONCLUSION

       Accordingly, IT IS ORDERED that:

1. Plaintiff's motion to amend, filed February 1, 2006, is denied.

2. This case will proceed on the amended complaint, filed May 15, 2003.

3. All dispositive motions shall be heard by August 3, 2006.

4. All discovery shall be completed by June 22, 2006, with motions heard by June 8, 2006.

5. Names of all experts shall be disclosed by May 4, 2006.

6. The Final Pretrial Conference is set for September 21, 2006, at 10:30 a.m.

7. Jury trial is set for October 30, 2006 at 9:00 a.m.

DATED: 3/27/06

/s/ Gregory G. Hollows
_____
GREGORY G. HOLLOWS
U. S. MAGISTRATE JUDGE

GGH:076
olivar0891.3am