IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JESSE OLIVAR,

      Plaintiff,                     CIV S-03-0891 GGH PS

      vs.

JOHN E. POTTER,

      Defendant.               ORDER

_____/

      Previously pending on this court's law and motion calendar for June 22, 2006 was defendant's motion for order allowing second deposition of plaintiff, filed June 2, 2006, and plaintiff's motion to amend, filed June 1, 2006. Plaintiff appeared in propria persona. Kristin Door appeared for defendant.

I. DEFENDANT'S MOTION FOR ORDER ALLOWING SECOND DEPOSITION

      Defendant requests a second deposition because although plaintiff was deposed on July 20, 2004, circumstances have changed since that time. Plaintiff has since left employment of the Postal Service. Defendant wants to question him about the reasons for his departure and whether he seeks additional damages based on these later facts. Also completed since the first deposition is an investigation based on plaintiff's claims of discrimination which had not

\\\\\

1

previously been investigated because the agency had dismissed his EEO complaint as untimely.[1] Defendant asserts the need to re-depose plaintiff about his April 14, 2005 affidavit and facts disclosed during the investigation.[2]

Defendant's motion is granted.  Defendant will bear all costs for the deposition, other than parking, and it will be held at the United States Attorney's Office in Sacramento.  The second deposition is limited to four hours.

II.  MOTION TO AMEND

The proposed fifth amended complaint is not actually a proposed amended complaint but is only argument in support of amending at this late date.  If plaintiff were permitted to amend every time new facts came to light during the case, this action would never reach trial.  As this court explained in a previous order responding to yet another motion to amend, because this case is now over three years old and plaintiff has been given several opportunities to file an amended complaint without success, his motion to amend is denied, and he will be held to the first amended complaint filed May 15, 2003.

III.  MODIFICATION OF SCHEDULING ORDER

Defendant requested modification of the scheduling order to allow discovery to proceed for sixty days beyond the June 22, 2006 cutoff, based on five deposition notices served by plaintiff.  This request is granted.  As a result, the April 23, 2004 scheduling order, as modified by the March 27, 2006 order, is further modified as follows: all discovery shall be completed by August 24, 2006, with motions heard by August 10, 2006.  The Final Pretrial Conference is set for October 30, 2006, at 9:00 a.m.  Jury trial is set for November 27, 2006 at 9:00 a.m.

---

[1] This court's March 31, 2004 order ruled that the agency should have waived the untimeliness and proceeded with the administrative processing of the case.  Therefore, the parties stipulated to a remand for processing and investigation on December 21, 2004.

[2] The investigation was completed in March, 2005 and the final agency decision was issued on September 29, 2005.

CONCLUSION

Accordingly, IT IS ORDERED that:

1. Plaintiff's June 1, 2006 motion to amend is denied.

2. Defendant's June 2, 2006 motion for order allowing second deposition is granted. Defendant will bear all costs for the deposition, other than parking, and it will be held at the United States Attorney's Office in Sacramento. The second deposition is limited to four hours.

3. The scheduling order is modified as follows: all discovery shall be completed by August 24, 2006, with motions heard by August 10, 2006. The Final Pretrial Conference is set for October 30, 2006, at 9:00 a.m. Jury trial is set for November 27, 2006 at 9:00 a.m.

DATED: 6/23/06

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
U. S. MAGISTRATE JUDGE

GGH:076
olivar0891.dep.wpd